E. S. WIGGINS, *County Treasurer, et al.* v. ATCHISON, TO-
PEKA & SANTA FE RAILROAD COMPANY.

(Filed Nov. 6, 1899.)

TAXATION—*Illegal Levy—Injunction—Demurrer.* By section 3, art. 2, ch.
43, Sess. Laws 1895, the board of county commissioners of each
county is directed to levy an assessment for each particular fund,
including the county-salary fund, the respective amounts of which
shall be estimated by the board of county commissioners, and
they are required to state the amount of revenue necessary to be
raised for each fund, and to this amount must be added 25 per cent.
thereof to cover delinquencies. This statute fixes a maximum limi-
tation as to the amount to be levied for each year, which limita-
tion is the total amount of the salaries for the entire year, plus
the 25 per cent additional to cover delinquent taxes; and, where
a board of county commissioners makes a levy for an amount
greatly in excess of this sum, such excess is illegal, and, upon
proper application, the collection thereof will be enjoined.
. (Syllabus by the Court.)

*Erorr from the District Court of Woodward County; be-
fore Frank Dale, District Judge.*

*R. B. Smith, County Attorney, C. R. Alexander, R. J.
Ray* and *Fred M. Elkin,* for plaintiff in error.

*Henry E. Asp, J. R. Cottingham* and *Houston & Marum,*
for defendant in error.

Action by the Atchison, Topeka & Santa Fe Railroad
company against E. S. Wiggins, county treasurer, and
others. Judgment for plaintiff, and defendants bring
error. Affirmed.

Opinion of the Court by

BURWELL, J.: This action was commenced by the
Atchison, Topeka & Santa Fe Railroad company against

E. S. Wiggins, as county treasurer of the county of Woodward, and A. Ingalls, W. W. Carter, and Edward Claunch, as the board of county commissioners of the same county, in the district court of Woodward county, to enjoin the collection of a part of the levy made by the board of county commissioners for the purpose of paying the county salaries, alleging that the part sought to have enjoined is illegal and void. The petition alleges, in substance that for the year 1896 plaintiff's property was assessed by the proper officers, naming them, for the sum of $305,532.12, and that thereafter levies for various taxes for the various territorial, county, and municipal purposes were levied for the same year, and that the said board of county commissioners attempted to levy for the purpose of paying county salaries, a levy of 14 mills on the dollar of the assessed valuation of all the property in the county; that the assessed valuation of the county is $701,000 which includes the property of the plaintiff; that the total amount of salaries to be paid out of such fund for 1896 is $4,200; that at least $1,400 of this fund will be made up from that part of liquor licenses which, under the law, should be apportioned to the salary fund; that the taxes levied against the property of plaintiff for salary fund amounts to $4,277.44, or more than enough to pay all of the county salaries for the entire year; that plaintiff has paid 8 mills of the 14-mill levy for salary purposes, together with all of its other taxes; and alleges other facts which show clearly that a levy of 8 mills is sufficient to pay all of the salaries of the year.

To this petition the defendants demurred, on the ground that it did not state a cause of action. On the hearing of this demurrer it was sustained, and a temporary in-

junction, which had been theretofore issued, was discharged. Plaintiff elected to stand upon its petition, and appealed to this court.

This court, (5 Okla. 477, 49 Pac. 1019,) reversed the lower court and remanded the case, with direction to overrule the demurrer, which was done; and thereupon the defendants filed their answer which, omitting the caption is as follows:

" Come now the above named defendants, and for answer to the plaintiff's petition filed herein allege: First. That, at the regular meeting of the board of county commissioners in July of the year 1896, the said board of county commisioners prepared an itemized estimate of the neccssary expenses of Woodward county for the ensuing year, stating in said estimate the amount of revenues deemed necessary to bc raised for each fund separately and the rate of levy necessary to raise such estimated revenue, with 25 per cent. added thereto, as a'lowed for delinquent taxes, as required by law; that said itemized estimate so made contained and included, separately, the amount of revenue for the payment of salaries, and the levy of 14 mills on the dollar to raise said amount; that said itemized estimate so made was duly and regularly entered at large by the said board of county commissioners upon their record, and by them caused to be published in two successive weekly issues in the Woodward News, a weekly newspaper published in said county and of general circulation; said itemized estimate so made, recorded, and published as aforesaid, in addition to the matters hereinbefore set forth, stated and gave notice that on the third Friday in July, 1896, the said board of county commissioners would meet to make the levies of taxes provided in said itemized estimate and notice so made, recorded, and published as aforesaid; that, pursuant to said published notice, said hoard of county commissioners met on the third Friday

of July, 1896, and levied the taxes for said county, including the separate levy for the payment of salaries; and that said levy so made was the same in amount and rate specified in said estimate as recorded and published as aforesaid. The defendants further allege that the plaintiff herein, or any of its agents or attorneys, did not appear before said board on the third Friday in July, 1896, or at any other time, to protest or complain against said estimate or levy, or to show where the same was excessive. And the defendants further allege that a greater portion of the taxpayers of said county had paid the taxes levied against them prior to the institution of this action by plaintiff, and that the plaintiff, by reason of its failure to appear before said board and show wherein said levy was excessive, or appeal from the order of said board, has slept upon its rights, and is estopped from complaining of said levy, or enjoining the collection of taxes so levied. Wherefore the defendants pray that the plaintiff be adjudged to pay the taxes levied against it, and for costs of suit. B. B. Smith, County Attorney, and R. J. Ray, Attorneys for Defendants."

To this answer the plaintiff filed a general demurrer. The demurrer was sustained, and the defendants elected to stand upon their answer, and appealed to this court; and the question before us is, did the trial court commit error in sustaining the plaintiff's demurrer to the defendants' answer?

It is contended by the appellants that the petition of plaintiff does not state a cause of action, and that the demurrer should be carried back to the petition, and sustained as to it. The sufficiency of the petition was considered by this court at the June, 1897, term, and the court held that it states a good cause of action, and we are still satisfied with the conclusion reached at that

t'me. We will therefore confine ourselves to the question of the sufficiency of the answer.

The answer nowhere denies the allegations of plaintiff's petition, and, not being denied, we must, under the rules of construing pleadings, conclude that these allegations are true.

The defendants confine their answer to allegations of compliance with the provisions of section 3 of article 2, of chapter 43 of the Session Laws of 1895. These allegations are not sufficient to constitute a defense to the action. The levy, so far as the requirements of the statutes which provide the steps to be taken in making the levy are concerned, may have been regular in every respect, but, if the allegations of the petition are true, the levy is excessive. The statute only authorizes the commissioners to make a levy, sufficient to pay the salaries for that particular year. They are to make an estimate of the amount of money which will be required to pay the salaries for the year, and to this amount they are required to add 25 per cent. as allowance for delinquent taxes. The amount of money which will be required to pay county salaries for a given year, under our present law, can be definitely ascertained. The amount of taxes authorized to be levied is the total amount of the county salaries for that particular year, plus 25 per cent. additional for delinquencies, and the county commissioners have no right, under the law, to levy an assessment for an amount in excess thereof.

Taxes are levied because they are necessary to defray the expense of government, and not for the purpose of enriching the treasury. Our statute contemplates that

each year shall take care of itself, and where, as in this case, the county commissioners make a levy for two or three times the total amount of the county salaries for the entire year, such levy, except that part authorized by the statute, is illegal, and a suit for injunction will lie to restrain the collection of the illegal portion thereof.

The plaintiffs in error contend that the defendant in error, by failing to appear before the board of county commissioners and protest against the amount of the levy for county salaries, and by failing to appeal from the order of the county commissioners fixing the amount of such levy, waived its right to question the assessment in any manner. There is no merit in this contention. As we view the law, the answer fails to state a defense, and the demurrer thereto was properly sustained by the trial court. The plaintiff was entitled to an injunction.

The judgment of the trial court is therefore affirmed, and the costs of this appeal are hereby taxed to the plaintiffs in error. A mandate in conformity herewith is directed to be issued to the trial court.

All of the Justices concurring.